[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2007
THOMAS K. KAHN
CLERK

No. 06-15065
Non-Argument Calendar

_____

D. C. Docket No. 05-00273-CV-FTM-29-SPC

CASTAWAYS BACKWATER CAFÉ, INC.,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATIONS DIVISION
OF ALCOHOLIC BEVERAGES AND TOBACCO,
GEOFF LUEBKEMANN,
JOHN O. AGWUNOBI,
PAT PARMER,
SIMONE MARSTILLER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 23, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Castaways Backwater Café, Inc. ("Castaways") appeals the district court's dismissal with prejudice of its amended complaint seeking injunctive and declaratory relief and asserting that the Florida Clean Indoor Air Act ("FCIAA"), Fla. Stat. § 386.01 et seq., was facially unconstitutional because it banned smoking in most indoor workplaces but included an exemption for smoking in "stand-alone bars."[1] We review a district court's grant of a motion to dismiss de novo; and we take as true the facts as alleged in the complaint. Owens v. Samkle Auto., Inc., 425 F.3d 1318, 1320 (11th Cir. 2005). After careful review, we affirm.

In the amended complaint, Castaways alleged that the defendants, in their official capacities, had attempted to enforce the FCIAA and thereby prevent Castaways from allowing its patrons to smoke inside of its business premises. Castaways sought a declaration that the FCIAA created an unconstitutional, arbitrary, and capricious classification by distinguishing between restaurants and stand-alone bars and thereby violated the Equal Protection Clause of the U.S. Constitution because the classification was not rationally related to a legitimate government

---

[1] Castaways sought injunctive and declaratory relief against the Secretary of the Department of Business and Professional Regulations of the State of Florida, Division of Alcoholic Beverages and Tobacco; the Director of the Division of Alcoholic Beverages and Tobacco; the Secretary of the Department of Health of the State of Florida; and the Director of the Division of Hotels and Restaurants of the Department of Business and Professional Regulations of the State of Florida.

purpose.[2] The district court held that the Florida legislature's stated objective in enacting the FCIAA -- to protect citizens from the health hazards of second-hand tobacco smoke -- satisfied rational-basis review because the distinction drawn between restaurants and stand-alone bars could legitimately be based on the regular presence of children in the former type of establishment but not the latter.

In the instant case, no fundamental constitutional right and no suspect classification is involved. The Equal Protection Clause thus requires only that the challenged classification be rationally related to a legitimate government interest. See Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 818 (11th Cir. 2004), cert. denied, 543 U.S. 1081 (2005). "The central mandate of the equal protection guarantee is that '[t]he sovereign may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective.'" Id. at 817 (quoting Lehr v. Robertson, 463 U.S. 248, 265 (1983)). Here, we readily conclude that the district court did not err in its Equal Protection analysis nor in its conclusion that the Legislature's distinction between restaurants and stand-alone bars is rationally related to the legitimate interest of

_____

[2]Castaways also asserted the FCIAA violated of its substantive due-process, but has not appealed as to that claim.

protecting public health.  Accordingly, the court properly dismissed the amended complaint.

**AFFIRMED.**